CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Estrada**, <br><br> Plaintiff, <br><br> v. <br><br> **Baralat Company,** a California Limited Partnership; <br> **Valjun, Inc.,** a California Corporation; <br> **Cardenas Markets LLC,** a Delaware Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Jose Estrada complains of Defendants Baralat Company, a California Limited Partnership; Valjun, Inc., a California Corporation; Cardenas Markets LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a

1

Complaint

paraplegic who cannot walk and who uses a wheelchair for mobility. He drives a van with an electric ramp and uses portable hand controls.

2. Defendant Baralat Company owned the real property located at or about 16721 Valley Blvd., Fontana, California, in April 2017.

3. Defendant Baralat Company owns the real property located at or about 16721 Valley Blvd., Fontana, California, currently.

4. Defendant Valjun, Inc. owned the real property located at or about 16721 Valley Blvd., Fontana, California, in April 2017.

5. Defendant Valjun, Inc. owns the real property located at or about 16721 Valley Blvd., Fontana, California, currently.

6. Defendant Cardenas Markets LLC owned the Cardenas Market #7 located at or about 16721 Valley Blvd., Fontana, California, in April 2017.

7. Defendant Cardenas Markets LLC owns the Cardenas Market #7 ("Supermarket") located at or about 16721 Valley Blvd., Fontana, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to

Complaint

28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. The Plaintiff went to the Supermarket in April 2017 to shop.

13. The Supermarket is a facility open to the public, a place of public accommodation, and a business establishment.

14. Transaction counters are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Supermarket.

15. The transaction counters in the meat and cheese department were more than 36 inches in height.

16. There were no lowered, 36-inch or lower portion of the transaction counters for persons with disabilities to use. The transaction counters in the meat department is 55 inches high while, the cheese counter is 40 inches high.

17. Additionally, there was a ticket dispenser placed on the transaction counter of the meat department for patrons to take a serving number.

18. However, the ticket dispenser was more than 48 inches above the finish floor and was not effectively used by wheelchair users. In fact, the ticket dispenser is 59 inches high.

19. Currently, the transaction counters in the meat and cheese department area more than 36 inches in height.

Complaint

20. Currently, there is no lowered, 36-inch or lower portion of the transaction counters for persons with disabilities to use.

21. Currently, there is a ticket dispenser placed on the transaction counter of the meat department for patrons to take a serving number.

22. Currently, the ticket dispenser is more than 48 inches above the finish floor and is not effectively used by wheelchair users.

23. Plaintiff personally encountered these barriers.

24. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty and frustration.

25. Plaintiff would like to return and patronize the Supermarket but will be deterred from visiting until the Defendants cure the violations.

26. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. For example, one of the common barrier removal projects is to modify transaction counters so that there is an accessible portion of counter. This is a simple architectural and construction task, well within the capabilities of any general contractor, and done with a modicum of expense and effort.

29. Plaintiff is and has been deterred from returning and patronizing the Supermarket because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Supermarket as a customer once the barriers

Complaint

are removed.

30. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

31. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

33. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

Complaint

§ 12182(a). Discrimination is defined, inter alia, as follows:
  a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

34. In areas used for transactions that may not have a cash register but at which goods or services are sold or distributed, the business must provide either: (1) a portion of the main counter which is a minimum of 36 in inches length shall be provided with a maximum height of 36 inches; or (2) an auxiliary counter with a maximum height of 36 inches in close proximity to the main counter; or (3) some sort of qualifying equivalent facilitation. 1991 Standards § 7.2(2). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and

Complaint

36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

35. Here, no such accessible transaction counters in the meat and cheese department have been provided in violation of the ADA.

36. Ticket dispensers are covered by the height/reach requirements of the 1991 Standards § 4.27 and 2010 Standards § 308.3 for control or operating mechanisms. If the clear floor space allows parallel approach by a person in a wheelchair, and the high-side reach is obstructed, the maximum high side reach allowed shall be 48 inches.

37. Here, the failure to provide an accessible ticket dispenser in the meat department is a violation of the ADA.

38. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

39. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

40. Given its location and options, plaintiff will continue to desire to patronize the Supermarket but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

41. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

42. Because the defendants violated the plaintiffs' rights under the ADA,

7

Complaint

they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

43. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: May 15, 2017                CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorneys for Plaintiff

8

Complaint